UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 05 CR 891 |
| v. | ) | |
| | ) | Judge Wayne R. Andersen |
| JOHN MCDONOUGH | ) | |

PROTECTIVE ORDER DIRECTING
THE INTERLOCUTORY SALE OF THE REAL PROPERTY COMMONLY KNOWN AS
3470 N. LAKE SHORE DRIVE, UNIT 11B, CHICAGO, ILLINOIS

This matter comes before this Court on motion of the United States for a protective order

directing the interlocutory sale of the real property commonly known as 3470 N. Lake Shore

Drive, Unit 11B, Chicago, Illinois pursuant to Title 21, United States Code, Section 853(e)(1)(A)

and this Court fully advised finds as follows:

(a)     On February 2, 2006, an information was filed charging defendant JOHN

MCDONOUGH with violations of the Controlled Substances Act pursuant to the provisions of

21 U.S.C. § 841(a)(1). The information included allegations that certain property, including the

real property commonly known as 3470 N. Lake Shore Drive, Unit 11B, Chicago, Illinois ("the

Lake Shore Drive property") is subject to forfeiture pursuant to the provisions of 21 U.S.C. §

853(a)(1) and (2), as property representing proceeds and/or as property used to facilitate narcotics

trafficking offenses. The property is legally described as follows:

UNIT NO. 11-B AS DELINEATED ON SURVEY OF THE FOLLOWING
DESCRIBED PARCELS OF REAL ESTATE (HEREINAFTER REFERRED TO
COLLECTIVELY SOUTH "PARCEL"): THAT PART OF THE SOUTHERLY
40 FEET OF LOT 37 LYING SOUTHWESTERLY OF THE WEST LINE OF
SHERIDAN ROAD (EXCEPTING THEREFROM THE WESTERLY 54.75
FEET) IN BLOCK 13 IN HUNDLEY'S SUBDIVISION OF LOTS 3 TO 21
BOTH INCLUSIVE AND 33 TO 37 BOTH INCLUSIVE IN PINE GROVE, A
SUBDIVISION OF FRACTIONAL SECTION 21, TOWNSHIP 40 NORTH,

RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN; ALSO THE NORTHERLY 25 FEET MEASURED AT RIGHT ANGLES WITH NORTHERLY LINE THEREOF OF THE FOLLOWING DESCRIBED TRACT OF LAND: THAT PART OF LOT 1 IN THE SUBDIVISION OF BLOCK 16 IN HUNDLEY'S SUBDIVISION OF LOTS 3 TO 21 BOTH INCLUSIVE AND 33 TO 37 INCLUSIVE IN PINE GROVE SECTION 21, TOWNSHIP 40 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, DESCRIBED AS FOLLOWS: BEGINNING AT THE INTERSECTION OF THE NORTHERLY LINE OF SAID LOT WITH THE WESTERLY LINE OF SHERIDAN ROAD; THENCE WESTERLY ALONG THE NORTHERLY LINE OF SAID LOT 150; THENCE SOUTHERLY TO A POINT IN THE SOUTH LINE OF SAID LOT DISTANT 190 FEET EASTERLY FROM THE WESTERLY LINE OF SAID LOT AND BEING ON THE NORTHERLY LINE OF HAWTHORNE PLACE; THENCE EASTERLY ALONG THE SOUTHERLY LINE OF SAID LOT, 150.84 FEET TO THE WESTERLY LINE OF SHERIDAN ROAD; THENCE NORTHERLY ALONG THE WESTERLY LINE OF SHERIDAN ROAD 298.96 FEET TO THE PLACE OF BEGINNING, ALL IN COOK COUNTY, ILLINOIS.

WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO DECLARATION OF CONDOMINIUM MADE BY COSMOPOLITAN BANK OF CHICAGO, AS TRUSTEE UNDER TRUST NO. 15666 RECORDED IN THE OFFICE OF THE RECORDER OF COOK COUNTY, ILLINOIS, AS DOCUMENT NUMBER 20446824 AND REGISTERED IN THE OFFICE OF THE REGISTRAR OF TORRENS TITLES OF COOK COUNTY, ILLINOIS, AS DOCUMENT NUMBER 2380325 ON APRIL 1, 1968 AS AMENDED FROM TIME TO TIME; TOGETHER WITH ITS UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

Permanent Real Estate Index No. 14-21-306-038-1023.

(b)     To preserve its interest in the Lake Shore Drive property, after charges were filed against defendant JOHN MCDONOUGH, the United States recorded a *lis pendens* notice with the Cook County Recorder's Office. Certain financial obligations relating to the subject real property, including the payment of the outstanding mortgage held by Countrywide Home Loans, property taxes, and most likely insurance obligations, have been neglected, thereby affecting the value of the real property subject to forfeiture. The mortgage has been delinquent since January 2007. The mortgage payoff, with late charge fees and other charges, as of July 2007 is $224.101.21;

(c)      For reasons set forth in the government's motion, it is appropriate for this Court to enter an order stating that the Lake Shore Drive property be sold by EG&G Technical Services, Inc., ("EG&G") custodial contractor for the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that the proceeds from the sale of the property, after the payment of certain costs, detailed in paragraph (f) below, be retained in an escrow account pending further order of this court;

(d)      This requested interlocutory sale is necessary to prevent the initiation of foreclosure proceedings against the Lake Shore Drive property and to preserve the availability of the equity in the real property subject to forfeiture. Failure to take the proposed action, in all probability, will result in economic damage to the value of the real property and jeopardize the availability of any equity in the real property for forfeiture to the United States;

(e)      Pursuant to 21 U.S.C. § 853, this Court has jurisdiction to enter orders or take other action to preserve and to protect property to insure that the property will be available for forfeiture in the event of conviction;

> Upon application of the United States, the Court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section -
>
> (A)      upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section.

(f)      To facilitate the sale of the property, EG&G, shall be allowed to employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listings capabilities, who shall be paid the usual and customary commission and/or fees from the proceeds of the sale. Furthermore, the United States requests that a representative of EG&G and

a realtor hired by EG&G to dispose of the property, be permitted access to the property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale so as to preserve the value of the real property subject to forfeiture. If the subject property is occupied, the United States requests that any occupants be required to sign an occupancy agreement with EG&G, or its representatives and cooperate with the EG&G, or its representatives, in its efforts to sell the property. If occupants fail to cooperate, the government shall seek further action by this Court, including eviction.

Accordingly, it is hereby ORDERED, ADJUDGED and DECREED:

1. That, the government's motion for the entry of a protective order directing the interlocutory sale of the real property commonly known as 3470 N. Lake Shore Drive, Unit 11B, Chicago, Illinois pursuant to 21 U.S.C. § 853(e)(1)(A) is granted. The subject real property shall be sold at the direction of EG&G. It is further ordered,

2. That, pending the sale of the subject real property, a representative of EG&G, and the realtor employed by EG&G, shall be permitted access to the real property for the limited purpose of securing the premises and taking whatever steps are necessary to prepare the property for sale and to preserve the value of the real property for forfeiture. It is further ordered,

3. That, if the subject property is occupied, any occupants should be required to sign an occupancy agreement and cooperate with EG&G, or its representative in its efforts to sell the property. Failure to cooperate should result in further action by this Court, including eviction. It is further ordered,

4. That, EG&G, shall employ a real estate broker experienced and knowledgeable in the sale of similar property, with multiple listings capabilities, who shall be paid the usual and customary commission and/or fees from the proceeds of the sale, as negotiated by the EG&G. It

is further ordered,

5.  That, Countrywide Home Loans, shall receive the unpaid balance of the mortgage and interest due at the note rate. If appropriate, Countrywide Home Loans shall be reimbursed for funds advanced to taxing authorities in order to pay outstanding real estate taxes owed on the property and funds advanced to pay outstanding insurance premiums. In addition, any outstanding state, county, city or school taxes due and owing shall be paid. It is further ordered,

6.  That, EG&G may incur certain costs and shall be permitted to deduct from the proceeds of the sale of the subject real property, upon an accounting to this Court, any reasonable and necessary costs incurred to effectuate the sale of the real property and costs incurred to maintain the real property, if any, pending sale. It is further ordered,

7.  That, the remaining proceeds from the sale of the subject real property commonly known as 3470 N. Lake Shore Drive, Unit 11B, Chicago, Illinois, after the payment of verifiable costs described above, shall be retained in an escrow account pending further order of this Court. It is further ordered,

8.  This Court shall retain jurisdiction in this matter to take additional action and enter further orders as necessary to implement and enforce this protective order authorizing the sale of the above-identified property.

_____
WAYNE R. ANDERSEN
United States District Judge

DATED: 8/1/07